EZRA WILSON and SCOTT WILSON, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

455 S.W.2d 172.

Court of Criminal Appeals of Tennessee. Feb. 27, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

Alan M. Prewitt, Jr., Bolivar, for plaintiffs in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Will Terry Abernathy, Dist. Atty. Gen., Selmer, Preston Parks, Asst. Dist. Atty. Gen., Somerville, for defendant in error.

## OPINION

DWYER, Judge.

A jury in the Circuit Court of Hardeman County found Ezra and Scott Wilson guilty of committing an assault to commit voluntary manslaughter upon the person of Elgie Harwell. The punishment imposed and pronounced by the judgment entered was a fine of $50 with confinement for 11 months and 29 days in the Hardeman County Jail.

The assignments of error filed and argued by court-appointed counsel are these:

1. The evidence preponderates against the verdict of the jury.

2. The evidence, taken in its strongest logically reconcilable light does not meet the test of definiteness necessary to support the verdict and finding, by necessary implication, that either or both of the defendants, Scott Wilson and Ezra Wilson, actually intended to kill or take the life of Elgie Harwell.

3. There is no evidence that the defendant, Ezra Wilson, hit Harwell with anything other than once or twice with his fists or with a "coke" bottle. Such is not sufficient in law and due process to uphold and sustain a holding, as a matter of law, that there was an intent to kill.

(a) Where no conventional deadly weapons are used, no presumption enters the case as regards an intent to kill on the part of either defendant.

(b) There was no evidence in this case of any attempt to use the cutting edge of the hand hatchet or to hit the assaulted in the area of the temple.

■ In their first assignment of error the defendants contend that the evidence preponderates against the verdict and in favor of their innocence. To be guilty of assault to commit voluntary manslaughter the proof must be such as would support a conviction of voluntary manslaughter if death had ensued.

We are of the opinion from reading this record that the proof would actually have supported a higher degree of felonious assault than the one returned. The evidence offered in this case presents two factual theories opposed one to the other, which has been resolved by the jury's verdict accrediting the State's theory of the assault. We can find no reason whatsoever to disturb the findings of the jury.

■ The jury is to judge the credibility of the witnesses and reconcile conflicts in the evidence or decide whom to believe. Gann v. State, 214 Tenn. 711, 383 S.W.2d 32; Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385.

We, therefore, hold that the evidence found in this record supports the verdict returned and does not preponderate against the guilt of the defendants. The assignment is overruled.

Defendants' second and third assignments contend that there is a lack of intent shown by the proof that the defendants intended to commit a homicide. Their main contention is premised on the supposition that only a "coke" bottle and the blunt edge of a hatchet were used and that no presumption of intent to kill arises from their use. As related before, the jury has resolved the questions of fact adversely to the defendants, which of necessity required a determination of intent in their findings and they so found this intent, upon credible circumstantial evidence. We are of the opinion that the premise of the defendants is unsound and untenable. The injuries inflicted on the 72-year-old man were lacerations of the head, neck and both jaws broken. Elgie related he was lying in bed in his home when the two defendants came in and assaulted him with a "coke" bottle and a hatchet. The two defendants testified and, in substance, related they had stopped by Elgie's house to get a beer; that they entered his home and found him drunk; and that they started to leave when Elgie made an attempt to hit Ezra with a bottle. Scott warned Ezra, who responded by hitting Elgie three times with his fists, knocking Elgie down. They both related he was standing and there was no blood on or about him when they left. Blood was in and about the premises when his landlord found Harwell. Both defendants admitted to having consumed some beer during the day of the assault. Scott Wilson relates he and Elgie had an altercation a month prior

to this occurrence. In substance, their defense is one of self-defense, as opposed to Elgie's testimony that they made an unprovoked assault upon him with resulting injuries.

 There is found in this record testimony that the wounds were inflicted with the hatchet and the bottle. Are we to then say that because these injuries thus inflicted did not cause death that the intent is not supplied or could not be inferred from the proven facts? The intent does not necessarily depend upon a weapon or weapons being used. A presumption of an intent to kill only arises from the use of a deadly weapon, but an intention to kill may be proven in any case. This may be proven circumstantially or directly. In a case of strangling in which hands only are used, the intent may be inferred and supplied though no weapon is used. From the hatchet alleged in the indictment and the circumstances under which it was used, a jury could infer that it could be and was a deadly weapon. The facts and circumstances belie that the victim was only struck and injured by fists. The facts and circumstances surrounding the assault found in this record supply the necessary predicate upon which the jury found the intent to commit the crime. Who could commit such an assault and know certainly that the victim would not die? Such gross injuries certainly support the finding of an intent to kill.

The assignments are overruled. The judgment heretofore imposed in the trial court is affirmed.

We appreciate and acknowledge court-appointed counsel's efforts on behalf of the defendants.

RUSSELL and MITCHELL, JJ., concur.